# Exhibit A

State Court Documents

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | |
| ) | |
| Desiree Brown, as Personal Representative of the ) Estate of Darius Emmanuel Brown ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) ) | |
| ) | |
| vs. ) | 2014-CP-40-06931 |
| ) | |
| Allstate Fire and Casualty Insurance Company ) | |
| Defendant(s) ) | |

Submitted By: **Graham Newman**
Address: P.O. Box 12330
Columbia, SC 29211

SC Bar #: 72845
Telephone #: 803-929-3600
Fax #: 803-929-3604
Other:
E-mail: gnewman@csa-law.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)

*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.   ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

### NATURE OF ACTION (Check One Box Below)

**Contracts**
☐ Constructions (100)
☐ Debt Collection (110)
☐ Employment (120)
☐ General (130)
☐ Breach of Contract (140)
☒ Other (199)

**Torts - Professional Malpractice**
☐ Dental Malpractice (200)
☐ Legal Malpractice (210)
☐ Medical Malpractice (220)
Previous Notice of Intent Case #
20____-NI-_____
☐ Notice/ File Med Mal (230)
☐ Other (299)

**Torts – Personal Injury**
☐ Assault/Slander/Libel (300)
☐ Conversion (310)
☐ Motor Vehicle Accident (320)
☐ Premises Liability (330)
☐ Products Liability (340)
☐ Personal Injury (350)
☐ Wrongful Death (360)
☐ Other (399)

**Real Property**
☐ Claim & Delivery (400)
☐ Condemnation (410)
☐ Foreclosure (420)
☐ Mechanic's Lien (430)
☐ Partition (440)
☐ Possession (450)
☐ Building Code Violation (460)
☐ Other (499)

**Inmate Petitions**
☐ PCR (500)
☐ Mandamus (520)
☐ Habeas Corpus (530)
☐ Other (599)

**Administrative Law/Relief**
☐ Reinstate Drv. License (800)
☐ Judicial Review (810)
☐ Relief (820)
☐ Permanent Injunction (830)
☐ Forfeiture-Petition (840)
☐ Forfeiture—Consent Order (850)
☐ Other (899)

**Judgments/Settlements**
☐ Death Settlement (700)
☐ Foreign Judgment (710)
☐ Magistrate's Judgment (720)
☐ Minor Settlement (730)
☐ Transcript Judgment (740)
☐ Lis Pendens (750)
☐ Transfer of Structured Settlement Payment Rights Application (760)
☐ Confession of Judgment (770)
☐ Petition for Workers Compensation Settlement Approval (780)
☐ Other (799)

**Appeals**
☐ Arbitration (900)
☐ Magistrate-Civil (910)
☐ Magistrate-Criminal (920)
☐ Municipal (930)
☐ Probate Court (940)
☐ SCDOT (950)
☐ Worker's Comp (960)
☐ Zoning Board (970)
☐ Public Service Comm. (990)
☐ Employment Security Comm (991)
☐ Other (999)

**Special/Complex /Other**
☐ Environmental (600)
☐ Automobile Arb. (610)
☐ Medical (620)
☐ Other (699)
☐ Pharmaceuticals (630)
☐ Unfair Trade Practices (640)
☐ Out-of-State Depositions (650)
☐ Motion to Quash Subpoena in an Out-of-County Action (660)
☐ Sexual Predator (510)

**Submitting Party Signature:** _/s/ Graham Newman_    **Date:** 10-31-14

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (10/2014)    Page 1 of 2

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF RICHLAND | IN THE COURT OF COMMON PLEAS<br>CIVIL ACTION NO.: |
| Desiree Brown, as Personal Representative of the Estate of Darius Emmanuel Brown,<br><br>Plaintiff,<br><br>vs.<br><br>Allstate Fire and Casualty Insurance Company,<br><br>Defendant. | **SUMMONS**<br>**(JURY TRIAL REQUESTED)**<br><br>JEANETTE W. MCBRIDE<br>C.C.P. & G.S.<br>2014 NOV -3 PH 2: 27<br>RICHLAND COUNTY<br>FILED |

TO: THE DEFENDANT, ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said complaint upon the subscriber, at his office at 1510 Calhoun Street, Columbia, South Carolina 29211, within thirty (30) days after the service thereof, exclusive of the day of such service, and if you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

CHAPPELL, SMITH & ARDEN, P.A.

_____
Graham L. Newman
Attorney for the Plaintiff
1510 Calhoun Street
Post Office Box 12330
Columbia, South Carolina 29211
(803)929-3600

November 3, 2014

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | FIFTH JUDICIAL CIRCUIT |
| ) | |
| COUNTY OF RICHLAND ) | COURT OF COMMON PLEAS |
| ) | |
| Desiree Brown, as Personal Representative ) | Case No.: |
| Of the Estate of Darius Emmanuel Brown, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| Allstate Fire and Casualty Insurance ) | (Declaratory Judgment) |
| Company, ) | |
| ) | |
| Defendant. ) | |

The Plaintiff, Desiree Brown, as Personal Representative of the Estate of Darius Emmanuel Brown, by and through her undersigned attorneys, would respectfully show as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Desiree Brown is the personal representative of the Estate of Darius Emmanuel Brown, having been so appointed by the Probate Court of Darlington County, South Carolina in Case No. 2014-ES-16-0047.

2. Defendant Allstate Fire and Casualty Insurance Company (hereinafter "Allstate") is a corporation incorporated under the laws of the State of Illinois having its principal place of business in the State of Illinois. Allstate does business throughout the State of South Carolina, including Richland County, South Carolina.

3. The South Carolina Court of Common Pleas possesses subject matter jurisdiction over this action pursuant to Article V, Section 11 of the South Carolina Constitution and S.C. Code Ann. § 15-53-20. The South Carolina Court of Common Pleas possesses personal jurisdiction over Allstate pursuant to S.C. Code Ann. § 36-2-803.

4. Venue is appropriate in Richland County pursuant to S.C. Code Ann. § 15-7-30(F) as the most substantial part of the acts giving rise to this complaint occurred in Richland County, South Carolina.

## FACTS

5. Darius Emmanuel Brown was killed in a pedestrian-automobile collision in Richland County, South Carolina on October 12, 2013 that was caused by the negligent acts of one or more third parties.

6. All liability insurance coverage possessed by the third parties involved in the pedestrian-automobile collision has been tendered to the estate of Darius Emmanuel Brown.

7. Darius Emmanuel Brown's grandfather, Richard L. Brown, possessed an automobile insurance policy with Allstate that was valid and in force on October 12, 2013. That policy (#963-470-007) (hereinafter referred to as "the First Allstate Policy") depicted Darius Emmanuel Brown as a named insured.

8. The First Allstate Policy provided liability insurance and underinsured motorist insurance ("UIM") for four vehicles. The vehicles and their specific amounts of coverage are as follows:

   a. 2007 Chevy Trk Hhr: $100,000 liability insurance; $25,000 UIM.

   b. 2004 Kia Sorento: $100,000 liability insurance; $25,000 UIM.

   c. 1996 Mazda Protégé: $100,000 liability insurance; $25,000 UIM.

   d. 1998 Chevy Trk C1 Series: $100,000 liability insurance; $25,000 UIM.

9. Darius Emmanuel Brown's grandfather, Richard L. Brown, possessed a second automobile insurance policy with Allstate that was valid and in force on October 12, 2013. That

policy (#963-471-443) (hereinafter referred to as "the Second Allstate Policy") depicted Darius Emmanuel Brown as a named insured.

10. The Second Allstate Policy provided liability insurance and underinsured motorist insurance ("UIM") for two vehicles. Those vehicles and the specific amounts of coverage are as follows:

    a. 2002 Ford Taurus: $100,000 liability; $25,000 UIM.

    b. 2005 BMW 545L: $100,000 liability; $25,000 UIM.

11. Upon information and belief, at no point did Allstate make a meaningful offer of UIM up to the limits of liability insurance provided in either the First Allstate Policy or the Second Allstate Policy.

## FOR A FIRST CAUSE OF ACTION

(Declaratory Judgment—Policy Reformation)

12. Paragraphs one through eleven are incorporated as if repeated herein verbatim.

13. Whereas Darius Emmanuel Brown was a named insured on the First Allstate Policy and the Second Allstate Policy, and whereas all liability insurance coverage available from negligent third parties (involved in the collision that led to his death) has been tendered, the Estate of Darius Emmanuel Brown has an interest in the construction of the First Allstate Policy and the Second Allstate Policy as it is entitled to make a claim for underinsured motorist coverage under the terms of those policies.

14. S.C. Code Ann. § 38-77-160 mandates that automobile insurance carriers "shall offer ... at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage."

3

15. Upon information and belief, Allstate failed to meaningfully offer to Richard L. Brown (or any other named insured on the Allstate policy) UIM coverage up to the limits of the liability coverage contained in both the First Allstate Policy and the Second Allstate Policy.

16. Because Allstate failed to comply with South Carolina law, the First Allstate Policy and the Second Allstate Policy must be reformed to include UIM coverage up to the limits of liability coverage contained in the policies.

## PRAYER FOR RELIEF

Due to the foregoing allegations, Desiree Brown, as Personal Representative of the Estate of Darius Emmanuel Brown, prays the court award the following relief:

a. A trial by jury;

b. An order in the Plaintiff's favor as to the cause of action;

c. Reformation of the First Allstate Policy and the Second Allstate Policy to include underinsured motorist coverage up to the limits of liability coverage provided within the policies;

d. Costs and expenses of this action; and

e. Any other relief the court deems just and proper.

*/s/ Graham L. Newman*
Graham L. Newman
CHAPPELL, SMITH AND ARDEN, P.A.
1510 Calhoun Street
Columbia, South Carolina 29201
(803) 929-3600
(803) 929-3604 (facsimile)

Walter G. Newman
NEWMAN LAW FIRM, LLC
27 West Calhoun Street

Sumter, South Carolina 29150
(803) 773-1943
(803) 773-2471 (facsimile)

ATTORNEYS FOR THE ESTATE OF
DARIUS EMMANUEL BROWN

November 3, 2014
Columbia, South Carolina

Summons and complaint or within entitled cause received at this office and service accepted in accordance with law this ____ day of _____

*Raymond S. Farmer*
Director of Insurance
and Attorney to Accept Service
Columbia, SC